[No. G023913. Fourth Dist., Div. Three. Nov. 29, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
JASON MICHAEL THORNTON, Defendant and Appellant.

COUNSEL

Katharine E. Greenebaum, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Esteban Hernandez and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BEDSWORTH, J.**—Jason Michael Thornton complains that a statement he volunteered to police arresting him was erroneously admitted in his trial for possession of heroin. He contends the statement was "neither material or relevant" and the trial court erred in concluding its prejudicial effect did not substantially outweigh its probative value. We believe the trial court got it right.

Their attention attracted by the high speed of the car, Officers Zavala and Lievanos saw Thornton roll his blue Pinto through a stop sign. He then drove between two cars stopped at a light and made a right turn around one without stopping. As they pulled him over, the officers saw him drop his right shoulder into the area of the passenger seat, so Zavala asked him if he had any drugs, drug paraphernalia, or weapons in the car. Thornton said he did not and gave permission to the officers to search.

After five or ten minutes, Zavala found a small blue nylon dopp kit, which contained a hypodermic syringe. While the plunger was broken, the needle was intact, and the syringe was operable. Zavala told Thornton he was under arrest for possession of the syringe and began to handcuff him, when Thornton volunteered, "I have only tried [or used] heroin several times. I am not really using it." Hearing this, Zavala advised Thornton of his *Miranda* rights (*Miranda v. Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974]), but Thornton, doubtless seeing the horse[1] disappearing from view, closed the barn door by refusing to answer any questions.

Zavala patted Thornton down thoroughly prior to transporting him to the jail, and found nothing. But upon arrival, he checked the backseat of the police unit which Thornton had occupied, and found a plastic baggie containing $10 worth of tar heroin. Both officers testified the baggie was not

---

[1] This is the proverbial horse, not the vernacular one which is at the root of Thornton's problems.

there before they transported Thornton, although they admitted another suspect—subsequently released without arrest—had been in the car before Thornton.

■ Thornton contends his statement about only having used heroin a few times was improper character evidence. He insists its use violates Evidence Code section 1101.[2] But we are unable to find anything about the introduction of the evidence which contravenes California law.

The jury was instructed: "Evidence has been introduced which may show that the defendant possessed a controlled substance in the past. [¶] This evidence, if believed, may not be considered by you to prove that defendant is a person of bad character or that he has a disposition to commit crimes. It may be considered by you only for the limited purposed [*sic*] of determining if it tends to show: [¶] That the defendant had knowledge of the nature of the substance alleged to be in his possession. [¶] For the limited purpose for which you may consider this evidence, you must weigh it in the same manner as you do all other evidence in the case. [¶] You are not permitted to consider this evidence for any other purpose."

This is a correct statement of the law. And it appears to have been the only use of the statement made by the prosecution. But Thornton argues that his knowledge of the nature of the tar heroin found in the police car was not at issue. He contends that, "no place in the record did appellant place the issue of whether he knew what tar heroin was before the jury. His defense was solely based on the argument that the small bindle of tar heroin which was found on the floor of the patrol car after he exited the vehicle was not his . . . ." He further contends the statement was cumulative because the hypodermic syringe found in his shaving kit was sufficient to prove knowledge.

These arguments are based on confusion of the concept of a fair trial with the concept of a fair fight. ■ A criminal trial must always be fair. But it need not be fair in the sense of a fair fight: one in which each side has an equal chance to win. We do not handicap the parties to a criminal trial. If

---

[2]Evidence Code section 1101 provides: "(a) Except as provided in this section and in Sections 1102, 1103, 1108, and 1109, evidence of a person's character or a trait of his or her character (whether in the form of an opinion, evidence of reputation, or evidence of specific instances of his or her conduct) is inadmissible when offered to prove his or her conduct on a specified occasion. [¶] (b) Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or whether a defendant in a prosecution for an unlawful sexual act or attempted unlawful sexual act did not reasonably and in good faith believe that the victim consented) other than his or her disposition to commit such an act."

one side or the other has overwhelming evidence, it is allowed to use as much as it chooses, subject only to exercise of the trial court's *considerable* discretion under Evidence Code section 352. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124 [36 Cal.Rptr.2d 235, 885 P.2d 1] [exercise of discretion under Evid. Code, § 352 will not be disturbed on appeal unless shown to be " 'arbitrary, capricious, or patently absurd' " resulting in a " 'manifest miscarriage of justice' "].)

■ While we can sympathize with Thornton's feeling he would have had a better chance for acquittal if the prosecution had been forced to elect between introducing his statement or the hypodermic syringe, we find nothing in law or logic to compel such an election. ■ An objection that evidence is cumulative, on the occasions when it is well taken, is almost always made to direct evidence, not circumstantial. While a trial judge might easily conclude that a third or fourth witness to the same event or opinion would be cumulative, it is the rare occasion when one of two different types of circumstantial evidence is correctly ruled cumulative. Indeed, it is usually the *accumulation* of circumstantial evidence which makes it convincing.

■ Here, the syringe in Thornton's car certainly provides circumstantial evidence that the heroin in the police car was also his. But it is by no means compelling. Syringes, after all, have many uses other than the illegal injection of heroin. Besides, the syringe was found in Thornton's car, the heroin was found in the police unit. Under these circumstances, admission of additional circumstantial evidence, Thornton's admission of prior usage of the drug, represents the most mundane—and unassailable—application of discretion to the evidence. We cannot impugn the admission of the statement on the basis that it was cumulative.

Nor are we prepared to revert to the outmoded notion that a criminal defendant may limit the prosecution's evidence by "not putting things at issue." Thornton contends that since his attorney offered to forgo argument that Thornton did not know the nature of heroin, his statement had no probative value on anything at issue. But, as the Attorney General points out, the case law relied upon by Thornton on this point (*People v. Thompson* (1980) 27 Cal.3d 303, 315 [165 Cal.Rptr. 289, 611 P.2d 883]) was expressly discarded by the California Supreme Court at least eight years ago. In *People v. Rowland* (1992) 4 Cal.4th 238, 260 [14 Cal.Rptr.2d 377, 841 P.2d 897], the court rejected the argument the defendant had not put all elements of the charge in dispute by pleading not guilty, explaining, "But in *People v. Williams* [(1988) 44 Cal.3d 883] at page 907, footnote 7 [245 Cal.Rptr. 336, 751 P.2d 395], we all but expressly disapproved *Thompson*'s language and held to the contrary. Therefore, a fact—like defendant's intent—generally

becomes 'disputed' when it is raised by a plea of not guilty or a denial of an allegation. . . . Such a fact remains 'disputed' until it is resolved."

More recently, the high court arrived at the same conclusion in a case in which the defense attempted to stipulate away evidence by stipulating away issues. In *People v. Scheid* (1997) 16 Cal.4th 1 [65 Cal.Rptr.2d 348, 939 P.2d 748], the court upheld the admission of a graphic and gruesome photograph despite a defense offer to stipulate to the matters it would establish. In doing so, they relied upon a line of California Supreme Court precedent recognizing the "descriptive richness" and "persuasive power" of evidence and contrasting it with the sterile nature of stipulations, arriving at the conclusion that, " 'The general rule is that the prosecution in a criminal case cannot be compelled to accept a stipulation if the effect would be to deprive the state's case of its persuasiveness and forcefulness.' " (*Id.* at p. 17, quoting *People v. Edelbacher* (1989) 47 Cal.3d 983, 1007 [254 Cal.Rptr. 586, 766 P.2d 1].)

We emphasize that this is a "general rule." The exception—which we count on the trial courts to recognize and enforce—is the instance in which the probative value of the evidence is substantially outweighed by its prejudicial effect. (Evid. Code, § 352.) These are among the most difficult and important decisions a trial court makes. Even approached—as they must be—with great care, they tax every judge's reservoirs of common sense, fairness and circumspection. Given the broad discretion reposed in them, their sense of justice will often be the last word on these issues, and—obviously—much rides on their decision.

Here, we see nothing to indicate the trial court erred in this regard. While Thornton's attorney indicated that "he would not be arguing that Mr. Thornton did not have knowledge of [the substance's] nature as a controlled substance," that is hardly enough to relieve the prosecution of its burden of proving such knowledge. Jurors are our peers; if we tell them—as we do—that the prosecution has to prove four things, and the prosecution subsequently proves only three, they will notice. They will notice whether the point is argued or not. A suggestion that something will not be argued is therefore at best inadequate and at worst disingenuous. It is certainly of less weight than an offer to stipulate.

We cannot fault the trial judge's exercise of discretion regarding the admissibility of the statement under Evidence Code section 1101, nor his resolution of the balancing required by Evidence Code section 352. This was, undeniably, highly probative evidence, and the prejudice of an admission of having, "on occasion" in the past used heroin could reasonably be found not to have *substantially* outweighed that probative value. The instruction he cobbled together correctly informed the jury of the correct use of

such evidence: it was admissible solely on the issue of Thornton's knowledge of the nature of heroin, an element of the offense.

We can find no abuse of discretion in this ruling. Nor could we have found an abuse of discretion in the opposite ruling. It was the trial judge's call and he seems to have made it appropriately. The judgment is affirmed.

Sills, P. J., and Crosby, J., concurred.

A petition for a rehearing was denied December 29, 2000, and appellant's petition for review by the Supreme Court was denied March 14, 2001.