Filed 4/15/13  P. v. Aceves CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE MACHUCA ACEVES,<br><br>    Defendant and Appellant. | 2d Crim. No. B239788<br>(Super. Ct. No. 1347782)<br>(Santa Barbara County) |

Jose Machuca Aceves appeals from a judgment after conviction by jury of transporting methamphetamine (Health & Saf. Code, § 11379, subd. (a)) and possession of methamphetamine for sale (§ 11378).[1]  The jury acquitted him of unlawfully taking a vehicle.  (Veh. Code, § 10851, subd. (a).)  The trial court found he had suffered five prior felony convictions related to controlled substances and four prior prison commitments. (§ 11370.2, subd. (c); Pen. Code, § 667.5, subd. (b).)  The court sentenced him to 23 years in jail.

Aceves contends the trial court erred when it admitted evidence of his prior controlled substance convictions because he would stipulate that he knew the narcotic nature of methamphetamine.  He would not stipulate that he knew methamphetamine was present.   We affirm.

---

[1] All statutory references are to the Health and Safety Code unless otherwise stated.

FACTUAL AND PROCEDURAL HISTORY

In May of 2010, Jose Martinez reported his car stolen. There were no suspects.

About a week later, Martinez's son Chad saw the car. Chad approached the driver, Aceves. Aceves stopped and, when Chad insisted it was his car, Aceves explained that he was test driving it. He said that "some guy on Bunny Street" was selling it. Aceves gave Chad his phone number and offered to drive him to the seller. Chad declined, and "flagged . . . down" a police officer.

The police officer detained Aceves, confirmed that the car was stolen, and searched it. He found three large bags of methamphetamine: one in the driver's side door pocket, one on the driver's side floor mat, and one on the passenger side floor mat. The bags were not covered or otherwise concealed. They were in plain view. The officer also found seven small baggies of methamphetamine in a coin purse in the center console. When Aceves got out of the car, he retrieved a cell phone from under the passenger seat. The officer found two more cell phones in the center console.

The methamphetamine weighed 83 grams in total and had a street value of about $8,000. An expert testified that indicators such as the quantity and packaging of the drugs and the number of cell phones were consistent with drug sales.

The prosecution moved in limine to admit evidence of four prior convictions for transporting methamphetamine and possessing methamphetamine for sale. Aceves objected on the ground the evidence was unduly prejudicial.

Aceves offered to stipulate that he knew the narcotic nature of methamphetamine. (Evid. Code, § 352.) The trial court decided to admit the convictions to prove knowledge of the nature and presence of methamphetamine, unless Aceves also stipulated that he knew methamphetamine was present. He did not.

The trial court tentatively limited the prior conviction evidence to the two most recent convictions for possession of methamphetamine for sale in 2001 and 2005. (§ 11378.) The court found the probative value of the other two convictions for transportation of methamphetamine in 1997 and 1998 was outweighed by the risk of

undue prejudice. (Evid. Code, § 352.) But the court eventually admitted the 1997 and 1998 convictions, after Aceves testified that he had never bought or sold drugs and did not know their value.

Aceves testified that he did not know there was methamphetamine in the car. He was test driving it because an acquaintance named Isidro Munoz offered it to him to satisfy a debt. On direct examination, he said he saw "[s]ome bags" and two cell phones in the car, and "a bag in a little compartment." But he said he did not know the bags contained drugs until the police officer told him.

On cross-examination, Aceves said he did not see any baggies in the car. He said he did not see a bag on the floor by his feet or in the car door. He admitted that he knew the narcotic nature of methamphetamine.

The prosecutor first confronted Aceves with his 2001 and 2005 convictions for possession of methamphetamine for sale. (§ 11378.) Aceves pointed out that these were only possession offenses. He said, "If you can show me that they caught me selling it on that date . . . I've never sold it. It's just possession. It's minimum." He said, "I don't buy it. I don't sell it." He had "no idea" what methamphetamine is worth. The trial court then allowed the prosecutor to impeach Aceves with his 1997 and 1998 convictions for transportation of methamphetamine. (§ 11379.)

The trial court instructed the jury to consider the prior convictions only on the question of whether Aceves knew of the nature and presence of methamphetamine, and not as proof of propensity.

DISCUSSION

*Evidence of Prior Drug Convictions*

Aceves contends the trial court abused its discretion when it admitted evidence of his prior drug convictions because he admitted he knew the narcotic nature of methamphetamine. We disagree.

Generally, a prosecutor is not compelled to accept a stipulation that would deprive it of its right to introduce persuasive and forceful evidence of an element of an offense. (*People v. Scheid* (1997) 16 Cal.4th 1, 17.) But there is an exception to this rule

where the risk of undue prejudice to the defense outweighs the probative value of the evidence. (*People v. Thornton* (2000) 85 Cal.App.4th 44, 49.) Evidence of prior convictions may be admissible to prove a defendant's knowledge of the narcotic nature of a substance, but not when the defendant stipulates to knowledge. (*People v. Perez* (1974) 42 Cal.App.3d 760, 766 [prior convictions were admissible to prove knowledge where defendant did not offer to stipulate].) To secure convictions in this case, the prosecution was required to prove, among other things, that Aceves knew two things: (1) he knew methamphetamine's nature or character as a controlled substance, and (2) he knew it was present. Aceves would not stipulate that he knew it was present. He testified that he never would have driven the car if he had known methamphetamine was present.

Aceves' prior convictions had a tendency in reason to prove that he did know methamphetamine was present. It is reasonable to infer that a person with four prior convictions for transporting methamphetamine and possessing it for sale would be likely to notice and recognize narcotics packages on the car's floor, in the driver's door pocket, and in the console of a car. Aceves put his knowledge into issue when he pled not guilty, and its probative value increased when he denied ever buying or selling drugs. Any risk that the jury might consider the prior convictions for the improper purpose of proving propensity was alleviated by the trial court's limiting instruction.

This case is unlike *People v. Washington* (1979) 95 Cal.App.3d 488, in which the trial court erroneously admitted evidence of prior narcotics convictions to prove knowledge that a balloon contained heroin. In *Washington,* the defendant was charged with selling heroin in violation of section 11352, which, like section 11379, requires proof the defendant knew of the nature and presence of the narcotic. The defendant offered to stipulate that he was "familiar with heroin, the way it is packaged and the way it is sold." (*Washington*, at p. 490.) That offer met the "knowledge" elements sufficiently to render the prior convictions unduly prejudicial. Here, Aceves admitted that he was familiar with methamphetamine in general, but he did not admit that he knew how it is packaged. He affirmatively denied knowing about the way it is bought

4

and sold.  He said, "I don't buy it.  I don't sell it."  The trial court did not abuse its discretion when it admitted evidence of Aceves' prior convictions.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

5

Kay S. Kuns, Judge

Superior Court County of Santa Barbara

_____


Mark R. Feeser, under appointment by the Court of Appeal, for Defendant and Appellant.


Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Eric E. Reynolds, William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.