Filed 12/23/15  P. v. Perez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>     v.<br><br>MICHAEL PEREZ,<br><br>          Defendant and Appellant. | B259591<br><br>(Los Angeles County<br> Super. Ct. No. BA411320) |

APPEAL from the judgment of the Superior Court of Los Angeles County. Richard S. Kemalayan, Judge.  Affirmed.

Doreen B. Boxer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Stephanie A. Miyoshi and William N. Frank, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Michael Perez appeals from his conviction by jury on one count of selling heroin in violation of Health and Safety Code section 11352. He contends the court erred in admitting evidence he suffered a prior conviction for selling heroin, erred in giving a modified and misleading version of CALCRIM No. 375, and prejudicially impacted his constitutional rights to confront and cross-examine witnesses by denying his request to recall the prosecution's main witness.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 14, 2013, Officer Mark Holbrook of the Los Angeles Police Department (LAPD), was working as a "chase" officer, assisting undercover officers in the Narcotics Enforcement Detail. The team was working in the vicinity of San Pedro and 6th Streets in the city of Los Angeles, in an area commonly referred to as "skid row."

At approximately 5:15 p.m., Officer Holbrook received a radio call from George Mejia, the lead undercover officer, instructing him to detain a suspect, on foot, wearing all black who had been observed buying narcotics in a hand-to-hand transaction. Officer Holbrook detained the individual, whose name was John Troung. During a patdown search, Officer Holbrook discovered what was later determined to be a gram of heroin, in a pink balloon in Mr. Troung's front left pants pocket.

Officer Mejia, a 24-year veteran of the LAPD, had worked the narcotics detail for over six years and had made hundreds of arrests related to the sale of heroin, and thousands of arrests related to illegal narcotics generally. On May 14, Officer Mejia was in plain clothes with his partner, Officer Leabras, in an unmarked Mazda. They were parked on San Pedro Street observing the activity on the street. Officer Mejia was using binoculars.

Around 5:15 p.m., he saw two males, later identified as Mr. Troung and defendant, having a conversation on the sidewalk. They were about 25 to 30 feet away from where Officer Mejia was observing them through his binoculars. Mr. Troung was holding paper money, but Officer Mejia could not see the denominations of the bills. Mr. Troung gave the money to defendant. After putting the money in his pants pocket, defendant then

2

covered his mouth with his right hand and removed something from his mouth. Defendant handed the item to Mr. Troung, who turned and started walking in Officer Mejia's direction. Officer Mejia saw a pink balloon in Mr. Troung's left hand.

Officer Mejia radioed Officer Holbrook with a description of Mr. Troung and asked that he be detained. He stayed in "continuous" radio contact with the other officers while maintaining visual contact of Mr. Troung, until they were able to detain him.

Officer Mejia saw that defendant also witnessed the detention of Mr. Troung. Defendant turned in the opposite direction from where Officer Holbrook had detained Mr. Troung, and started walking away. Officer Mejia and his partner followed defendant in their car, and radioed several other uniformed chase officers to detain him. Defendant was detained by Officer Daniel Trunco, as well as Officers Diaz and Kownacki. Defendant was searched and found to have $39 in various bills in his pocket. Defendant did not have any other narcotics on him at the time.

Defendant was charged with one count of selling heroin (Health & Saf. Code, § 11352, subd. (a)). It was also alleged he had suffered three prior convictions for narcotics-related offenses within the meaning of Health and Safety Code section 11370.2, a prior strike within the meaning of the "Three Strikes" law, and seven prior prison terms (Pen. Code, § 667.5, subd. (b)).

The case proceeded to a jury trial in December 2013. During pretrial motions, defendant objected to the admission of his 2010 conviction for selling heroin. The court ruled the evidence was admissible on the issue of defendant's "intent and knowledge" pursuant to Evidence Code section 1101.

Officers Holbrook, Mejia and Trunco testified to the above facts regarding the transaction and defendant's arrest. Officer Mejia also explained that in his experience, about 80 percent of the illegal sales of heroin can be characterized as "mouth dealing." Mouth dealing refers to the packaging of small quantities of heroin in balloons so that it can be carried and concealed in the mouth while not getting wet, and swallowed, if necessary, to avoid detection. Officer Mejia also explained that the skid row area is an area with "a lot of drug trafficking." He said that at the time defendant was observed

3

making the sale, there were a lot of other pedestrians in the area, but no one was blocking his view of the transaction. Officer Mejia testified that in the last few years, it has become more common for dealers to not carry more than one package of narcotics at a time in order to avoid being caught with a large amount.

Officer Mejia was excused subject to being recalled. At the end of the court day, the court discussed the remaining witnesses with counsel. The prosecutor said he would likely rest in the morning after the testimony of one more officer regarding defendant's prior 2010 conviction. Defense counsel said she did not intend to call any witnesses but was considering recalling Officer Mejia as to two issues. Defense counsel acknowledged that the arrest report showed that a criminal records check of defendant was run at the station, but she wanted to inquire if Officer Mejia also ran a check in the field which might have influenced his actions in arresting defendant. Defense counsel also wanted to discuss a separate arrest report with Officer Mejia regarding an arrest he made of a different defendant a couple of weeks later in the same general location. She noted the arrest reports were "essentially identical" and wanted to inquire about why, suggesting some sort of improper pattern or fabrication might be at issue. The court stated both such areas of inquiry were only marginally relevant at best, and denied defendant's request to recall Officer Mejia.

The next morning, LAPD Officer Luz Bednarchik testified that in October 2009, she was working an undercover narcotics detail in Hollywood and arranged to buy heroin from "an individual that was known to sell heroin." She spoke with defendant by cell phone and arranged to meet him. Defendant arrived with another individual and completed the sale with Officer Bednarchik of eight balloons of heroin for $80. Defendant was arrested for selling heroin. At the time of his arrest, defendant had an additional 14 balloons of heroin on him. Officer Bednarchik identified defendant in court as the person she arrested. The court took judicial notice of the May 2010 record of conviction of defendant arising from that arrest.

The jury found defendant guilty as charged.

4

Defendant was sentenced to state prison for eight years, consisting of the upper term of five years on the substantive charge, plus a three-year term pursuant to Health and Safety Code section 11370.2.  The court struck the prior strike under the Three Strikes law, the prior prison term allegations, and all but one of the prior narcotics-related convictions for purposes of sentencing.

This appeal followed.  Defendant filed a motion to augment the record with two exhibits that had been attached to a motion filed by defendant on October 24, 2013, that were erroneously missing from the superior court file, and a motion to unseal the trial court motion.  Respondent did not oppose.  On May 7, 2015, we granted defendant's motions.

## DISCUSSION

**1.     The Admission of Defendant's 2010 Conviction**

Defendant contends the court erred in allowing the prosecution to introduce evidence of his 2010 conviction for selling heroin.  We disagree.

We review evidentiary rulings under Evidence Code sections 1101 and 352 for an abuse of discretion.  (*People v. Foster* (2010) 50 Cal.4th 1301, 1328; accord, *People v. Mungia* (2008) 44 Cal.4th 1101, 1130.)  Under this standard, " ' "a trial court's ruling will not be disturbed, and reversal . . . is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." [Citation.]' [Citation.]" (*Foster*, *supra*, at pp. 1328-1329.)

The general rule is that evidence of prior crimes is inadmissible to prove the defendant's conduct on a specific occasion.  However, it is well established that such evidence may be admissible *if relevant to prove a material fact in issue* and not simply to establish the defendant's general criminal disposition or "bad character." (*People v. Hovarter* (2008) 44 Cal.4th 983, 1002; see also Evid. Code, § 1101, subd. (b), italics added ["Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act *when relevant to prove some fact (such as*

5

*motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident . . . ) other than his or her disposition to commit such an act*"].)

By pleading not guilty, defendant placed all elements of the charged offense in issue. (*People v. Lindberg* (2008) 45 Cal.4th 1, 23; accord, *People v. Balcom* (1994) 7 Cal.4th 414, 422.) The prosecution therefore bore the burden of proving, beyond a reasonable doubt, that defendant harbored the requisite criminal intent. Proving intent for the crime of selling heroin in violation of Health and Safety Code section 11352 involves demonstrating that the defendant knew he possessed heroin and knew of its character as a controlled substance. (See, e.g., CALCRIM Nos. 250 & 2300.)

Defendant argues he never disputed or raised an argument that he lacked the requisite knowledge of the heroin or its status as a controlled substance, and thus there was no basis for the prosecution to be allowed to offer evidence of his 2010 conviction to prove his intent and knowledge. Defendant further contends the prejudicial value substantially outweighed any minimal probative value, particularly since the case against defendant was weak, consisting only of Officer Mejia's personal observations, and the two transactions were not substantially similar.

"In prosecutions for drug offenses, evidence of prior drug use and prior drug convictions is generally admissible under Evidence Code section 1101, subdivision (b), to establish that the drugs were possessed for sale rather than for personal use *and to prove knowledge of the narcotic nature of the drugs*." (*People v. Williams* (2009) 170 Cal.App.4th 587, 607, italics added; see also 1 Witkin, Cal. Evidence (5th ed. 2012) Circumstantial Evidence, § 92, p. 483 ["Where knowledge is an element of the crime charged (see 1 *Cal. Crim. Law* (4th), *Elements*, §8), prior similar offenses may be admitted to establish it"].)

Such evidence may be properly admitted even when the defendant has *not* denied his knowledge. "Knowledge of the narcotic nature of the object possessed constitutes an essential element of the crime of possession of narcotics, and the prosecution must establish that a defendant entertained such knowledge. [Citations.] Even if a defendant has not denied his knowledge of the narcotic nature of the substance in his possession, the

6

prosecution must still carry the burden on this issue.  [¶]  In order to prove knowledge of the character of the narcotic, the prosecution, according to the decisions, may introduce evidence of crimes of a similar nature." (*People v. Horn* (1960) 187 Cal.App.2d 68, 74-75; accord, *People v. Ellers* (1980) 108 Cal.App.3d 943, 953 [prior convictions for same substance "tended to prove knowledge of the narcotic nature of the heroin" the defendant had sold in the charged offense and was "probative of his intent to sell it"]; *People v. Thornton* (2000) 85 Cal.App.4th 44, 49-50 [same].)

We find no fault in the court's decision to admit the 2010 conviction under Evidence Code section 1101 on the issue of defendant's intent and knowledge.  Nor do we find fault in the court's determination that the prejudicial value of the evidence did not outweigh its probative value under section 352.  "The word 'prejudicial' is not synonymous with 'damaging.'  [Citation.]  Rather, evidence is unduly prejudicial under section 352 only if it ' " 'uniquely tends to evoke an emotional bias against the defendant as an individual and . . . has very little effect on the issues' " ' [citation], or if it invites the jury to prejudge ' " 'a person or cause on the basis of extraneous factors' " ' [citation]." (*People v. Johnson* (2010) 185 Cal.App.4th 520, 534.)

Both the 2010 conviction and the charged offense involved defendant's sale of the same illegal substance, heroin, on the street in a hand-to-hand transaction.  The other differences in the two transactions, including that defendant had a woman with him during the transaction in 2010, and that they occurred in different neighborhoods, does not render the evidence either irrelevant or unduly prejudicial.

## 2.    CALCRIM No. 375

Defendant contends the language of CALCRIM No. 375 was misleading and impacted his substantial rights.  He argues that the court ruled that evidence of his 2010 conviction was admissible only for the limited purpose of proving intent and knowledge, but the modified version of the instruction given to the jury included the title which stated

7

"Evidence of Uncharged Offense to Prove Identity, Intent, Common plan, etc."**1** Defendant contends the instruction therefore misled the jury into believing it could consider the evidence in an improper manner, including to prove identity.

Respondent argues that defendant forfeited this argument by preparing the modified version of the instruction which the court gave, and by not requesting deletion of the title or seeking clarification of any other language defendant now claims to be misleading.

We agree with respondent that because defendant requested the instruction and provided the modified version of the instruction given by the court, he forfeited any appellate challenge to the instruction. " ' "The doctrine of invited error bars a defendant from challenging an instruction given by the trial court when the defendant has made a 'conscious and deliberate tactical choice' to 'request' the instruction." [Citation.]' [Citations.]" (*People v. Harris* (2008) 43 Cal.4th 1269, 1293; see also *People v. Lang* (1989) 49 Cal.3d 991, 1024 [a defendant may not complain on appeal that an instruction

---

**1** The full text of the instruction provided to the jury was as follows: "Calcrim 375 Evidence of Uncharged Offense to Prove Identity, Intent, Common plan, etc. [¶] The [P]eople presented evidence that the defendant committed the offense of heroin sales that was not charged in this case. [¶] You may consider this evidence only if the People have proved by a preponderance of the evidence that the defendant in fact committed the uncharged offense. Proof by a preponderance of the evidence is a different burden of proof than proof beyond a reasonable doubt. A fact is proved by a preponderance of the evidence if you conclude that it is more likely than not that the fact is true. [¶] If the People have not met this burden, you must disregard this evidence entirely. [¶] If you decide that the defendant committed the uncharged offense, you may, but are not required to, consider that evidence for the limited purpose of deciding whether or not the defendant acted with the intent to sell heroin in this case. [¶] In evaluating the evidence, consider the similarity or lack of similarity between the uncharged offense and the charged offense. [¶] Do not consider this evidence for any other purpose except for the limited purpose of whether or not the defendant acted with the intent to sell heroin in this case. [¶] Do not conclude from this evidence that the defendant has a bad character or is disposed to commit crime. [¶] If you conclude from this evidence that the defendant committed the uncharged offense, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is

8

correct in law was too general, incomplete or misleading unless he or she has requested appropriate clarifying or amplifying language].)

However, even were we to resolve the merits, defendant's argument fails. The modified version of CALCRIM No. 375 is an accurate statement of the applicable law regarding the consideration of prior crimes evidence, and plainly instructed the jury that the evidence of defendant's 2010 conviction could only be considered for the limited purpose of resolving the element of intent. The jury was also given CALCRIM No. 303 which instructed that "[d]uring the trial, certain evidence was admitted for a limited purpose. You may consider that evidence only for that purpose and no other." The court, in orally instructing the jury, did *not* read the title and the title was not emphasized or discussed in any way by either counsel during argument. Rather, counsel focused on the limited basis for which the 2010 conviction could be considered: intent and knowledge.

Moreover, the Supreme Court has rejected similar claims that the inclusion of the descriptive titles to standard jury instructions amounts to prejudicial error. (See, e.g., *People v. Bloyd* (1987) 43 Cal.3d 333, 355-356; *People v. Staten* (2000) 24 Cal.4th 434, 459, fn. 7; *People v. Lucas* (2014) 60 Cal.4th 153, 291-292, disapproved on another ground in *People v. Romero and Self* (2015) 62 Cal.4th 1, 53, fn. 19.) Defendant offers no persuasive argument for concluding otherwise here.

## 3. Defendant's Request to Recall Officer Mejia

Defendant contends the court's denial of his request to recall Officer Mejia prejudicially impacted his right to confront and cross-examine the witnesses against him. We review a court's decision declining to recall a witness for abuse of discretion. (*People v. Thomas* (1992) 2 Cal.4th 489, 542.) We find no abuse.

Defendant argues he should not have been restricted in seeking to reopen the two areas of inquiry with Officer Mejia because the prosecution was relying almost exclusively on his personal observations of the subject transaction. Defendant urges his

---

guilty of selling heroin. The People must still prove the charge beyond a reasonable doubt."

constitutional rights were violated by the court's ruling which deprived him of the ability to fully present his defense to the jury.

Evidence Code section 774 provides that "[a] witness once examined cannot be reexamined as to the same matter without leave of the court, but he may be reexamined as to any new matter upon which he has been examined by another party to the action. Leave may be granted or withheld in the court's discretion."

Officer Mejia's testimony had been completed, although he had been excused subject to being recalled. Two additional witnesses had testified and the prosecution was about to rest its case. Defense counsel sought to recall Officer Mejia to ask him if he learned of defendant's prior record of conviction while out in the field, and also to inquire about the alleged similarities in his police reports for the subject transaction and a subsequent arrest he made of another defendant several weeks later in the same area.

In denying defendant's request, the trial court noted the evidence had thus far shown, including the testimony of Officer Trunco, that a check of defendant's record was *not* done until the officers returned to the station. Officer Mejia had testified he was in a regular unmarked car, a Mazda, not a patrol car with a computer. Even defense counsel acknowledged that the arrest report stated the record check was done at the station, after defendant's detention. As for the alleged similarity of the two arrests for narcotics transactions by Officer Mejia, the court found the reports were similar, but not identical, and that there was little relevance to such evidence.

The trial court's decision to deny defendant's request was within the legal boundaries of its discretion in controlling the presentation of evidence at trial. (Pen. Code, § 1044 ["It shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved"].)

Defendant has offered no explanation for why these areas of inquiry were not explored during defendant's lengthy cross-examination of Officer Mejia. These were not new subjects or issues of which defendant was taken by surprise. Defendant had moved

pretrial in October 2013 to obtain the records related to the other arrest by Officer Mejia. And, Officer Trunco did testify after Officer Mejia but he corroborated that defendant's record was run at the station, and he could not recall any check being made in the field. The two areas of additional questioning that defendant sought to elicit from Officer Mejia were, at best, only marginally relevant, and defendant has not offered a persuasive argument for how the court's ruling materially prejudiced his defense.

## DISPOSITION

The judgment of conviction is affirmed.


GRIMES, J.

WE CONCUR:

BIGELOW, P. J.



FLIER, J.


11